UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MITCHELL ENTERPRISES, INC., d/b/a MITCHELL ELECTRIC, an Idaho corporation, DANNY G. MITCHELL and TERESA A. MITCHELL, husband and wife, Idaho residents,<br><br>        Plaintiffs,<br><br>    v.<br><br>MR. ELECTRIC CORP., a Texas corporation, THE DWYER GROUP, a Texas corporation, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. CV 11-0537-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO DEFER CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO AMEND THE SCHEDULING ORDER**<br><br>(**DOCKET NO. 47**) |

Currently pending before the Court is Plaintiffs' Motion to Defer Consideration of Defendants' Motion for Summary Judgment and to Amend the Scheduling Order (Docket No. 47). The Court previously granted Plaintiffs' related Motion to Expedite (Docket No. 48), issuing a docket entry order outlining an abbreviated briefing schedule (Docket No. 49). Therefore, having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. DISCUSSION

The at-issue Motion relates to Defendants' March 29, 2013 motion for summary judgment (Docket No. 34). Relevant here, on or around March 21, 2013, Defendants disclosed a second, supplemental report from their expert, Jerry Hatchett ("Second Hatchett Report"). The Second Hatchett Report was disclosed (1) after the factual/expert discovery deadlines passed,

**MEMORANDUM DECISION AND ORDER - 1**

and (2) after Defendants were required to make expert disclosures. Through their Motion, Plaintiffs do not challenge the timeliness of the Second Hatchett Report; rather, Plaintiffs seek (1) to have this Court defer consideration of Defendants' motion for summary judgment under FRCP 56(d) so that they can fully respond to the Second Hatchett Report, and, relatedly, (2) to permit disclosure of an additional expert witness under FRCP 16(b)(4) so the Second Hatchett Report can be addressed on the merits. Defendants oppose Plaintiffs' efforts in these respects, arguing that Plaintiffs fail to meet the requirements of both FRCP 56(d) or FRCP 16(b)(4).

    A.    **FRCP 56(d)**

Under FRCP 56(d)(1), the Court may defer consideration of a motion for summary judgment "if the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." *See* Fed. R. Civ. P. 56(d)(1). FRCP 56(d) requires "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Sultana Resources, LLC v. Trio Gold Co.*, 2007 WL 2993849, at *1 (D. Idaho 2007) (quoting *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004)).

According to Plaintiffs' attorney, Matthew Gunn (appearing for the first time on May 2, 2013 following the withdrawal of Plaintiffs' original counsel), "Plaintiffs will be unable to present facts essential to support its opposition to Defendants' [m]otion for [s]ummary [j]udgment if Plaintiffs are not afforded extra time during which their expert may fully evaluate and respond to the entirely new opinions, theories, and explanations set forth for the first time in Jerry Hatchett's second expert report." *See* Gunn Aff. at ¶ 2 (Docket No. 47, Att. 2). Mr. Gunn

**MEMORANDUM DECISION AND ORDER - 2**

then goes on to identify those areas of the Second Hatchett Report that require Plaintiffs' expert's additional consideration/evaluation, including:

- "Theory that Mitchell created digital artifacts later cited by Mitchell as evidence of a digital intrusion."

- "Discussion of Zware's integration with QuickBooks accounting software."

- "Theory that the "Zware.zip" file, containing Mitchell financial files, was not the result of a digital intrusion but rather was created by Mitchell."

- "Theory that link files referencing Zware were created by Mitchell."

- "Theory that Defendants and Zware played no role in Mitchell's undisputed and massive loss of data and damaged dispatch software."

- "Theory that no Mitchell data was misappropriated by Defendants."

- "A 'Reasonable Hypothesis' that the damage alleged in Mitchell's Complaint resulted from a combination of user inexperience and error, third-party viewing of pornographic websites, and failing physical equipment."

*See id.* at ¶ 2; *see also* Pls.' Mem. in Supp. of Mot. to Defer, p. 5 (Docket No. 47, Att. 1) ("None of these opinions, theories, and explanations are contained in the First Hatchett Report and they cannot be described as anything other than far-reaching, comprehensive, and, if proven true, perhaps dispositive of Mitchell's claims."). Defendants argue that this is not enough, denouncing Plaintiffs' arguments as entirely failing "to identify the 'specific facts' Plaintiffs hope to elicit from the extension, state whether those facts exist, and explain how (or if) the sought-after facts are essential to oppose summary judgment as required by [FRCP] 56(d)." *See* Defs.' Opp. to Mot. to Defer, p. 5 (Docket No. 50). The undersigned disagrees.

There is no question that Mr. Gunn's affidavit could be more specific at describing what is needed by way of addressing the Second Hatchett Report vis à vis Defendants' pending motion for summary judgment. However, in the Court's mind, that is not fatal to his request,

**MEMORANDUM DECISION AND ORDER - 3**

particularly when recognizing that such specifics may very well depend upon Plaintiffs' expert's evaluation of those areas of the Second Hatchett Report that, naturally, has not yet taken place – hence the instant Motion. Simply put, under the applicable circumstances, Mr. Gunn's affidavit states enough.

Moreover, any argument that the Second Hatchett Report does not raise any "new" opinions, theories, and explanations (*see* Defs.' Opp. to Mot. to Defer, pp. 6-13 (Docket No. 50)) is not persuasive. While the Court admits that it has neither pored over the Second Hatchett Report nor compared its contents to earlier references in the record in order to determine whether, in fact, the Second Hatchett Report raises new substantive and potentially dispositive issues, the fact remains that, apparently, such information was not sufficiently included earlier (at least in Defendants' mind), thus requiring the disclosure of the Second Hatchett Report. In other words, what's the point of the Second Hatchett Report if, as Defendants' say, it is "***Not New at All***"? *See id*. at p. 7. Instead of attempting to definitively answer this question at the expense of timely resolving the Motion in light of the pending motion for summary judgment, and recognizing that Plaintiffs are not trying to outright strike the Second Hatchett Report, the prudent approach here is to temporarily defer consideration of Defendants' motion for summary judgment to allow Plaintiffs more time to consider the Second Hatchett Report before having to respond to the arguments raised therein. Simply put, such a course will allow for a more complete opportunity to be heard and, thus, a consideration/resolution on the merits.

With all this in mind, Plaintiffs shall respond to Defendants' motion for summary judgment within 28 days of this Memorandum Decision and Order. Defendants' reply in support of their motion for summary judgment shall be filed in accordance with this District's Local Civil Rules. Plaintiffs' Motion is therefore granted in this respect.

**MEMORANDUM DECISION AND ORDER - 4**

B.      FRCP 16(b)(4)

District courts have broad discretion in supervising the pretrial phase of litigation. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Once a district court has issued its scheduling order, FRCP 16 sets the standard for modifying the schedule. That standard requires "good cause with the judge's consent" to modify a scheduling order. *See* Fed. R. Civ. P. 16(b)(4). FRCP 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. *See Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 Advisory Committee's Note (1983)). Although the existence of prejudice to the party opposing the modification may supply reasons to deny a motion to modify, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id*.

Here, Plaintiffs did not disclose any rebuttal expert/report relative to Mr. Hatchett's original report. *See* Pls.' Mem. in Supp. of Mot. to Defer, p. 3 (Docket No. 47, Att. 1) ("Given the paucity of substance of the First Hatchett Report, [Plaintiffs] did not disclose a rebuttal expert witness."). However, once Defendants' disclosed the Second Hatchett Report on or around March 21, 2013 – after the factual/expert discovery deadlines passed and after Defendants were required to make expert disclosures – Plaintiffs' current counsel quickly sought to amend the scheduling order to allow them an opportunity to address its substance, particularly as it related to Defendants' nearly contemporaneous motion for summary judgment. This is especially true when recognizing that, (1) after Defendants' filed their motion for summary judgment, Plaintiffs' original counsel moved to withdraw on April 3, 2013, (2) this Court granted Plaintiffs' original counsel's motion to withdraw on April 8, 2013, (3) Plaintiffs' current

**MEMORANDUM DECISION AND ORDER - 5**

counsel first appeared in this action on May 2, 2013, and (4) Plaintiffs filed the Motion also on May 2, 2013.  Given this procedural backdrop, coupled with principles of fundamental fairness, Plaintiffs will be given the opportunity to submit a rebuttal report to the Second Hatchett Report; said rebuttal shall be made consistent with the Federal Rules of Civil Procedure and this District's Local Civil Rules, and shall be disclosed within 28 days of this Memorandum Decision and Order – the same number of days permitted for rebuttal reports under the Court's original April 10, 2012 scheduling order.  Plaintiffs' Motion is therefore granted in this respect.

However, Plaintiffs' anticipated rebuttal report shall respond only to the content of the Second Hatchett Report – it will not serve as an opportunity for Plaintiffs to submit altogether new opinions.  Moreover, no *additional* expert witnesses will be permitted.  To the extent a rebuttal report is in fact disclosed, it shall be from an expert already retained by Plaintiffs as of March 21, 2013.  Plaintiffs' Motion is therefore denied in this respect.[1]

## II.  ORDER

Based on the foregoing IT IS HEREBY ORDERED that:

1.    To the extent not already done so, Plaintiffs' Motion to Expedite hearing on Motion to Defer Consideration of Defendants' Motion for Summary Judgment and to Amend the Scheduling Order (Docket No. 48) is GRANTED.

2.    Plaintiffs' Motion to Defer Consideration of Defendants' Motion for Summary Judgment and to Amend the Scheduling Order (Docket No. 47) is GRANTED, in part, and DENIED, in part as follows:

---

[1] To further settle the pond on the issue, because Plaintiffs seek only to amend the scheduling order to permit them to file a rebuttal report following the Second Hatchett Report, the Court will not entertain any separate motion to strike the Second Hatchett Report as untimely.  Plaintiffs are nonetheless free to object to the Second Hatchett Report for substantive reasons moving forward.

**MEMORANDUM DECISION AND ORDER - 6**

      a.      Plaintiffs shall respond to Defendants' motion for summary judgment within 28 days of this Memorandum Decision and Order. Defendants' Motion for Summary Judgment and to Amend the Scheduling Order (Docket No. 47) is GRANTED in this respect.

      b.      Plaintiffs may submit a rebuttal report speaking to the Second Hatchett Report; said report shall be disclosed within 28 days of this Memorandum Decision and Order. Defendants' Motion for Summary Judgment and to Amend the Scheduling Order (Docket No. 47) is GRANTED in this respect.

      c.      Relative to Plaintiffs' above-referenced rebuttal report, Plaintiffs are not permitted to retain an additional/new expert witness. Defendants' Motion for Summary Judgment and to Amend the Scheduling Order (Docket No. 47) is DENIED in this respect.

DATED: **May 15, 2013**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 7**